UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DERECK VINCENT FESOLAI,<br><br>Defendant(s). | Case No. 2:17-CR-74 JCM (NJK)<br><br>ORDER |

Presently before the court is Dereck Vincent Fesolai ("petitioner")'s motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 55). The United States ("the government") filed a response (ECF No. 59), to which petitioner replied (ECF No. 80).

Also before the court is a series of supplements filed by both petitioner (ECF Nos. 75; 76), and the government (ECF No. 78; 79), as well as a motion to seal the government's supplements. (ECF No. 77).[1]

**I.   Background**

On June 18, 2018, the court entered judgment against petitioner and sentenced him to charges of being a felon in possession of a firearm and possession of cocaine with intent to distribute following a guilty plea. (ECF No. 50). Petitioner did not appeal this sentence.

More than a year later, on September 25, 2019, petitioner filed a § 2255 motion but failed to attach points and authorities, and the court dismissed that motion. (ECF Nos. 51–52). He then filed the instant motion on February 25, 2020, claiming, as relevant here, that he received

---

[1] With good cause appearing, the court GRANTS the government's motion to seal. (ECF No. 77). The government's response to the second supplement (ECF No. 78) and the accompanying exhibit (ECF No. 79) shall be maintained under seal.

**James C. Mahan**
**U.S. District Judge**

ineffective assistance of counsel because his attorney failed to investigate whether his mental health could have served as a defense to his crimes.[2] (ECF No. 55).

The court found that the claim was untimely, as it was filed more than a year after petitioner's conviction became final. (ECF No. 60). However, as required by law, the court granted petitioner the opportunity to respond to the finding of untimeliness. (*Id.*) Petitioner claimed that the same mental illness also prohibited him from timely filing and that he was entitled to equitable tolling. (ECF No. 66). The court allowed him the opportunity to develop an evidentiary record. (*Id.*)

Over a year later, petitioner provided medical records from 2002 indicating a mental illness diagnosis, and Bureau of Prisons ("BOP") medical records from his incarceration that do not support his claim. (ECF Nos. 70; 75). Petitioner provides no other evidence.

With this factual record, the court now must determine whether petitioner is entitled to equitable tolling on his claim, or whether it should be dismissed as untimely.

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Section 2255 provides for a one-year limitation period in which to file a motion to vacate a federal conviction. 28 U.S.C. § 2255(f). Under Habeas Corpus Rule 2(c), petitioners must "specify all [available] grounds for relief and [ ] state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 661 (2005). Pursuant to § 2255, the one-year limitation period begins to run by the latest of these four dates: (1) the date of final judgment of conviction; (2) the date of removal of governmental impediment that prevented timely filing of motion; (3) the date that the United States Supreme Court recognizes a new right that is retroactively applicable to collateral review

---

[2] Petitioner also claimed that he was entitled to relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), which this court rejected. (ECF No. 60).

**James C. Mahan**
**U.S. District Judge**

- 2 -

cases; or (4) the date that due diligence discovers facts supporting the claim. 28 U.S.C. § 2255 para. 6 (2000).  For most cases, the statute of limitations begins "on the date on which the judgment becomes final." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir.2001) (quoting 28 U.S.C. § 2255).

The statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs habeas petitions, is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631.  In order to overcome untimeliness through equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The threshold required to trigger equitable tolling is "very high."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  However, due to its fact-intensive nature, courts must develop "an adequate evidentiary record before . . . determining whether the statute of limitation should be equitably tolled."  *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004).  Petitioner bears the burden of showing he is entitled to equitable tolling.  *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

**III.    Discussion**

*A.  Entitlement to Equitable Tolling*

This court previously denied petitioner's motion in part and held the instant claims regarding mental incompetence in abeyance to allow him to develop an evidentiary record entitling him to equitable tolling.  (ECF No. 60).  After several opportunities to do so, petitioner has provided no evidence that he suffered from a mental illness constituting an extraordinary circumstance during the year between final judgment and the expiration of the statute of limitations.

Petitioner provides medical records from a hospital admission more than a decade prior to the entry of final judgment.  *See* (ECF Nos. 75–76).  Standing alone, those records are not enough to entitle him to equitable tolling.  Petitioner must go beyond conclusory allegations that his mental illness entitles him to equitable tolling.  He must explain *how* his purported mental illness

**James C. Mahan**
**U.S. District Judge**

prevented him from timely filing his petition. *See Gaston*, 417 F.3d at 1034. He fails to do so, instead relying entirely on conjecture.

Further, in its sealed exhibit, the government provides medical records that indicate petitioner was not suffering from mental illness during the relevant year between judgment and the lapsing of the statute of limitations. (ECF Nos. 78–79). "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Such is the case here. Given the state of the record, the court sees no need to hold a further evidentiary hearing.

Petitioner has failed to meet his burden of proving that extraordinary circumstances caused him to miss his statutory deadlines. He offers no more than inferences that because he once suffered from mental illness, he was unable to timely file. Without evidence as to specifically how—or indeed, if—that mental illness affected him, petitioner fails to meet his burden. He has shown the court nothing entitling him to equitable tolling. His motion is thus DENIED.

*B. Certificate of Appealability*

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides in pertinent part as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> . . .
>
> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.

**James C. Mahan**
**U.S. District Judge**

- 4 -

>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability. *See Slack*, 529 U.S. 484.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 55) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Fesolai v. United States*, case number 2:20-cv-393-JCM, and close that case.

DATED October 19, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -